UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

v.   Civ. No. 19-889 JCH/GJF

CHRISTOPHER JAMES PADILLA, et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL**

THIS MATTER is before the Court upon Plaintiff's "Motion to Compel Discovery" [ECF 69] ("Motion"). The Motion is fully briefed. ECF 72 (response); ECF 74 (reply). The Court heard oral argument on January 22, 2021. ECF 76. For the reasons stated on the record and as further explained below, the Court sustains Defendant Biddle's objections and **DENIES** Plaintiff's Motion in its entirety.

**I.   BACKGROUND**

In this lawsuit, Plaintiff alleged that Defendant Christopher Padilla, a correctional officer at the Springer Correctional Center ("SCC"), engaged in numerous instances of sexual misconduct towards her while she was incarcerated there. ECF 1-2 at 1, 4–13. In making these allegations, Plaintiff sued four defendants: (1) Defendant Padilla; (2) Defendant John Sanchez, a former SCC Warden; (3) Defendant Christopher Biddle, a former SCC Warden; and (4) Defendant Robert Gonzales, a SCC Security Chief. ECF 1-2 at 2. As to Defendant Biddle, Plaintiff alleged the following three counts: (1) failure to protect in violation of the Eighth Amendment, (2) retaliation in violation of the First Amendment, and (3) spoliation of evidence. ECF 1-2 at 14–18. Plaintiff later stipulated to dismissal of her spoliation claim. ECF 23.

In the instant motion, Plaintiff moved to compel Defendant Biddle to withdraw his objections and supplement his responses to the following requests for admission ("RFAs"), *see* ECF 69 at 2–3:

> #9: "Admit that in March 2017 you knew that reports alleging violations of the Prison Rape Elimination Act were required to be kept confidential."
>
> #13: "Admit that no disciplinary action was taken against Christopher Padilla based on the reports against him made by Rebecca Martinez and Dawn Green."[1]
>
> #14: "Admit that Christopher Padilla was not put on administrative leave pending the outcome of investigations into reports made by Rebecca Martinez and Dawn Green."
>
> #15: "Admit that Christopher Padilla was not transferred to a different post or otherwise removed from contact with inmates directly following the reports made by Rebecca Martinez and Dawn Green."

ECF 78-2 at 4–6. Defendant Biddle objected to RFA #9 "on the grounds that it seeks a legal conclusion." *Id.* at 4. And he objected to RFAs ##13–15 as "irrelevant and not reasonably calculated to lead to admissible evidence." *Id.* at 5–6.

## II. DISCUSSION

### A. RFA #9

#### 1. Parties' Arguments

Plaintiff contends that RFA #9 does not seek a legal conclusion because "it inquires into Defendant Biddle's personal knowledge of required procedures for PREA[2] allegations" and "does

---

[1] Dawn Green is another inmate who accused Defendant Padilla of sexual misconduct. ECF 80 at 1. At oral argument, the Court asked both parties whether Green's report occurred before or after Plaintiff's report. *Id.* at 2–3. Although neither counsel knew the precise sequence, the information they provided was sufficient for the Court to infer that Green made her report after Plaintiff made hers. *Id.*

[2] "PREA" stands for the Prison Rape Elimination Act, which was enacted to establish "a zero-tolerance standard for … prison rape." 34 U.S.C. § 30302(1). Under PREA's accompanying regulations, a correctional facility must "provide multiple internal ways for inmates to privately report sexual abuse and sexual harassment, retaliation by other inmates or staff for reporting sexual abuse and sexual harassment, and staff neglect or violation of responsibilities that may have contributed to such incidents." 28 C.F.R. § 115.51(a).

not ask Defendant Biddle [to] explain the law or admit that his actions were not in compliance with the law." ECF 69 at 5. In response, Defendant Biddle argues that because PREA reports *must* be disclosed to some individuals, the RFA requires Defendant Biddle, to some degree, to interpret the term "confidential." ECF 72 at 6. It follows, Defendant Biddle contends, that because PREA "reports may be partially, but not entirely confidential, … without further detail in the RFA, there is no way for Mr. Biddle to know how to answer" it. *Id.*

        2.   *Relevant Procedural Law*

Federal Rule of Civil Procedure 36(a)(1)(A) permits parties to serve on any other party a request to admit the truth of any matter relevant under Rule 26(b)(1) on "facts, the application of law to fact, or opinions about either." "Although Rule 36 permits 'the application of law to fact,'" an RFA "that seeks the truth of a legal conclusion is properly objectionable." *Vasquez v. Am. Cas. Co. of Reading, PA*, No. 1:14-CV-01088-MCA-LF, 2016 WL 7199100, at * 1 (D.N.M. Mar. 11, 2016) (quoting *Utley v. Wray*, Civil Action No. 05-1356-MLB, 2007 WL 2703094 (D. Kan. Sept. 14, 2007)). Admittedly, the distinction between permissibly requesting the application of law to fact and impermissibly requesting the respondent to make a legal conclusion "'is not always easy to draw.'" *Id.* (quoting *Benson Tower Condominium Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D.Or. 2015)). But it is, for example, "inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts." *Disability Rights Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006).

        3.   *RFA #9 Was Properly Objected to Because It Required Defendant Biddle to Make a Legal Conclusion*

RFA #9 impermissibly asked Defendant Biddle to render a legal conclusion. As Plaintiff indicates, ECF 69 at 5 n. 2, PREA's "confidentiality" requirement is set out in 28 C.F.R. § 115.61. Under § 115.61, prison staff are generally prohibited from disclosing PREA reports but are

*required* to disclose those same allegations to individuals identified in a correctional facility's internal policy. Pursuant to NMCD policy, staff with knowledge of PREA allegations must report those allegations to the correctional facility's "designated investigators." NMCD Policy CD-150101(B)(4), *available at* https://cd.nm.gov/wp-content/uploads/2020/05/CD-150100.pdf. Notably, the *only* portion of § 115.61 that uses some form of the word "confidential" is § 115.61(c), which requires medical personnel to "inform inmates" of their duty to report sexual abuse allegations and "the *limitations* of confidentiality." (emphasis added). RFA #9 asked Defendant Biddle to admit or deny that PREA reports "were required to be kept confidential," without providing any sort of qualification as to *whom* PREA reports cannot be disclosed. In that way, for Defendant Biddle to have answered RFA #9 he would have had to interpret the term "confidential," thereby rendering a legal conclusion. For that reason, the Court sustains Defendant Biddle's objection to RFA #9.

**B.  RFAs ##13–15**

  *1.  Parties' Arguments*

Plaintiff avers that RFAs ##13–15 are relevant to her Eighth Amendment retaliation claim against Defendant Biddle on the theory that, after Plaintiff made her PREA report, Defendant Biddle retaliated against her by refusing to discipline Defendant Padilla or remove him from the SCC. ECF 74 at 3. Defendant responds that the subject RFAs are irrelevant and constitute a "fishing expedition" because Plaintiff has not alleged facts indicating that Defendant Biddle's alleged retaliation led to further harassment by Defendant Padilla. ECF 72.

  *2.  Relevant Procedural Law*

The scope of discovery as defined by Rule 26 of the Federal Rules of Civil Procedure is familiar:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The language of Rule 26 should be "liberally construe[d]," *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649 (D.N.M. 2007), so that trial may be "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *see also Equal Emp. Opportunity Comm'n v. Bok Fin. Corp.*, Civil No. 11-1132 RB/LFG, 2013 WL 12047029, at *11 (D.N.M. Jan. 25, 2013) (same). But, at the same time, the Court must avoid permitting "plaintiff to engage in a 'fishing expedition' in the hope of supporting [her] claim." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018) (quoting *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished)). Moreover, under Rule 26 the Court "has the authority to confine discovery to the claims and defenses asserted in the pleadings" and the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26 advisory committee's notes.

### 3. RFAs ## 13–15 Are Irrelevant to Plaintiff's Claims

At the hearing, Plaintiff's counsel acknowledged that there was no evidence that, after Plaintiff lodged her PREA complaint, Defendant Padilla engaged in further misconduct towards her before she was transferred from the SCC (and away from Defendant Padilla). ECF 80 at 2. Plaintiff's counsel further conceded that any investigation (which under NMCD policy had to be completed before adverse employment action could be taken against Defendant Padilla) that arose out of Plaintiff's PREA complaints would have been completed well after Plaintiff had already

5

been transferred to another facility. *Id.* Based on those concessions, the Court holds that RFAs ##13–15 are irrelevant to Plaintiff's claims because they refer to conduct that would have (or allegedly should have) happened only *after* Plaintiff was transferred to a different facility. Whether Defendant Biddle should have placed Defendant Padilla on administrative leave, reassigned him to a different position, or taken some other employment action against him is not relevant to any remaining claim because Plaintiff makes no allegation that she even interacted with Defendant Padilla during the very short window between when she filed her report and then was transferred to a different facility.

### C. Attorney's Fees

Under Federal Rule of Civil Procedure 37(a)(5)(B), when a Court denies a motion to compel, the Court *must* require "the movant … to pay the party … who opposed the motion [his] reasonable expenses incurred in opposing the motion, including attorney's fees."  The Court, however, may refrain from ordering such payment if the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).[3] The Court holds that Plaintiff's Motion was not substantially justified because it was *clear* that RFA #9 impermissibly sought a legal conclusion and RFAs ##13–15 sought information outside the scope of Plaintiff's claims.  As the Court expressed at the hearing, the instant motion did not present a close question.  In addition to being unable to find the motion "substantially justified," the Court also finds and concludes that there are no other circumstances that would make the award of attorney's fees unjust.

---

[3] Rule 37(a)(5)(B) also requires the Court to provide the movant an opportunity to be heard prior to awarding such expenses. The Court provided that opportunity at the hearing and Movant's counsel stated her position. ECF 80 at 2–3.

### III.  CONCLUSION

For the reasons stated above:

**IT IS ORDERED** that Plaintiff's Motion [ECF 69] is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that defense counsel shall file no later than **January 29, 2021**, a bill of costs setting forth the fees he expended in litigating this motion, from the time the discovery issue arose through the end of the Discovery Hearing [ECF 80].[4] Plaintiff may file any objection to the bill of costs no later than **February 5, 2021**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that defense counsel filed his bill of costs on January 27, 2021. ECF 81.