UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

REBECCA MARTINEZ,

    Plaintiff,

v.                                                                                             Civ. No. 19-889 JCH/GJF

CHRISTOPHER JAMES PADILLA,
et al.,

    Defendants.

## ORDER FOR PAYMENT OF EXPENSES

THIS MATTER is before the Court upon Plaintiff's second "Motion to Compel Discovery" [ECF 69] ("Motion"). The Motion is fully briefed. *See* ECF 72 (Response); ECF 74 (Reply). The Court denied the merits of Plaintiff's Motion in an earlier order. ECF 83. Therein, the Court ordered defense counsel to file "a bill of costs setting forth the fees he expended in litigating" the Motion "from the time the discovery issue arose through the end of the Discovery Hearing [ECF 80]." ECF 83 at 7. In addition, the Court permitted Plaintiff to file objections to the bill of costs no later than February 5, 2021, in accordance with Fed. R. Civ. P. 37(a)(5)(B). *See also* ECF 80 at 3 (offering Plaintiff's counsel "the opportunity to explain why the Court should not award attorney's fees to Defendants as a result of the Court denying" the Motion "in its entirety"). Defense counsel complied with the Court's order [ECF 83] and submitted his bill of costs. ECF 81. Plaintiff did not file an objection within the time permitted. *See* Dkt. For the reasons stated below, the Court **ORDERS** Plaintiff to pay Defendants $1,567.00 as reasonable expenses incurred in responding to her Motion. *See* ECF 71 at 2.

I. BACKGROUND

Plaintiff moved to compel Defendant Biddle to withdraw his objections and supplement his responses to the following requests for admission ("RFAs"), *see* ECF 69 at 2–3:

> #9: "Admit that in March 2017 you knew that reports alleging violations of the Prison Rape Elimination Act were required to be kept confidential."
>
> #13: "Admit that no disciplinary action was taken against Christopher Padilla based on the reports against him made by Rebecca Martinez and Dawn Green."[1]
>
> #14: "Admit that Christopher Padilla was not put on administrative leave pending the outcome of investigations into reports made by Rebecca Martinez and Dawn Green."
>
> #15: "Admit that Christopher Padilla was not transferred to a different post or otherwise removed from contact with inmates directly following the reports made by Rebecca Martinez and Dawn Green."

ECF 78-2 at 4–6. Defendant Biddle objected to RFA #9 "on the grounds that it seeks a legal conclusion." *Id.* at 4. And he objected to RFAs ##13–15 as "irrelevant and not reasonably calculated to lead to admissible evidence." *Id.* at 5–6.

In its order denying Plaintiff's Motion, the Court agreed with Defendant Biddle in both respects—RFA #9 required Defendant Biddle to render a legal conclusion and RFAs ##13–15 were irrelevant to Plaintiff's claims. *See generally* ECF 83. The Court further found that Plaintiff's Motion was not "substantially justified," *Id.* at 6 (citing Fed. R. Civ. P. 37(a)(5)(B)), because "[a]s the Court expressed at the hearing," ECF 80 at 3, the Motion "did not present a close question." ECF 83 at 6. Moreover, the Court found and concluded that "there [we]re no other circumstances that would [have] ma[de] the award of attorney's fees unjust." *Id.*; *see also* Fed. R. Civ. P. 37(a)(5)(B). Consequently, the Court ordered defense counsel to submit his bill of costs incurred to respond to the Motion. ECF 83 at 7. In doing so, defense counsel claimed a total of 9.5 hours

---

[1] Dawn Green is another inmate who accused Defendant Padilla of sexual misconduct. ECF 80 at 1.

2

spent responding to, as well as attending and preparing for the Court's hearing on, the Motion. ECF 81 at 1–2. At the hourly rate of $165.00, the total amount Defendants incurred was $1,567.00. *Id.* at 2.

## II.  APPLICABLE LAW

If a motion to compel discovery is denied, the Court "*must*, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). But the Court "*must not* order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added).

The Tenth Circuit "review[s] for abuse of discretion the district court's decision to award Rule 37 attorney fees and the amount of the award" and "review[s] underlying factual findings for clear error." *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (citing *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236-37 (10th Cir. 1998)). "A Court abuses its discretion when its decision is 'arbitrary, capricious, whimsical, or manifestly unreasonable' … [or based] 'on an erroneous view of the law.'" *Layng v. Rael (In re Rael)*, 753 F. App'x. 649, 657 (10th Cir. 2018) (unpublished) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

## III. THE AMOUNT CLAIMED BY DEFENSE COUNSEL IS REASONABLE

Defendants must "prove and establish the reasonableness of each dollar, each hour, above zero," *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted)—particularly by providing "evidence supporting the hours worked and rates

3

claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983).[2] "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. In addition, Defendants should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. Furthermore, Defendants must "provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006) (internal quotation marks and citations omitted). "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane*, 61 F.3d at 1509; *see also id.* at 1510 (observing that "[t]he setting of a reasonable hourly rate is within the district court's discretion" and that "[h]ourly rates must reflect the prevailing market rates in the relevant community" (internal quotation marks and citation omitted)).

As noted *supra* at 3, Defendants requested $1,567.00 as their expenses in litigating the Motion. ECF 81 at 4. This amount is broken down into 7.4 hours preparing the response to the Motion and 2.1 hours preparing for and attending the hearing on the matter. *Id.* at 1–2. After reviewing counsel's billing records, the Court finds that the number of hours claimed is reasonable. Further, the Court finds that defense counsel's hourly rate comports with the "the prevailing market rate for *similar services* by [comparable] lawyers" in New Mexico. *Lippoldt*, 468 F.3d at 1224–25 (emphasis added); *Munoz v. FCA US LLC*, Civ. No. 17-881 WJ/SCY, 2020 WL 6126454, at *3 (D.N.M. Feb. 28, 2020) (citing cases in which hourly rates ranging from $250 to $350 were awarded); *see also XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-cv-01021 JB/SCY, 2016 WL

---

[2] *See also Jane L.*, 61 F.3d at 1510 (requiring the attorneys in such instances to keep "*meticulous* time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks" (emphasis added)).

1730171, at *32 (D.N.M. Apr. 1, 2016) (noting that "New Mexico is a relatively poor state, with some of the lowest hourly rates in the country"). In fact, the Court notes that an hourly rate of $165.00 is considerably less than what has been awarded in this District under Rule 37. *See, e.g.*, *Quarrie v. Wells*, Civ. No. 17-350 MV/GBW, 2020 WL 1683450, at *4 (D.N.M. Apr. 6, 2020) (awarding hourly rate of $175.00); *Los Alamos Nat'l Bank v. Fidelity Bank*, 1:18-cv-00613-KG-JHR, 2019 WL 4816692, at *5 (D.N.M. Oct. 1, 2019) (awarding hourly rates of $350.00 per hour and $275.00 per hour); *Envt'l Dimensions, Inc. v. EnergySolutions Gov't Grp., Inc.*, Civ 16-1056, 2018 WL 6069101, at *4 (D.N.M. Nov. 20, 2018) (awarding hourly rates of $350.00 and $220.00). Thus, the Court will not reduce the amount requested by defense counsel and awards Defendants that amount—$1,567.00 (9.5 hours x $165.00/hour).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff shall, **no later than March 11, 2021**, pay to defense counsel **$1,567.00** as reasonable expenses incurred by Defendants in successfully opposing Plaintiff's Second Motion to Compel.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE